```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF TENNESSEE
        NASHVILLE DIVISION
```

| | |
|---|---|
| **JESSE LAFRANTZ JACKSON** ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:10-0955 |
| ] | Judge Campbell |
| **STATE OF TENNESSEE, et al.** ] | |
|     Respondents. ] | |

### O R D E R

The petitioner, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee and Jennie Jobe, Warden of the prison, seeking a writ of habeas corpus.

The petitioner is attempting to challenge the legality of his 1987 conviction for first degree murder in Davidson County. However, he has already attacked this conviction at least once before in an earlier § 2254 action.[1]

Before a second or successive petition may be adjudicated in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to

---

[1] <u>Jessie LaFrantz Jackson v. Flora Holland</u>, No. 3:97-0444 (M.D. Tenn.)(Nixon, S.J., presiding)(relief denied on 10/24/00; Docket Entry No.28); reversed on appeal (Docket Entry No.38); on petition for writ of certiorari to the United States Supreme Court, the district court dismissal was affirmed (Docket Entry No.49).

consider the petition. 28 U.S.C. § 2244(b)(3)(A). Apparently, the petitioner has not yet sought and obtained the authorization from the Sixth Circuit Court of Appeals needed for this Court to consider his current petition. Accordingly, the Clerk shall TRANSFER this case to the Sixth Circuit Court of Appeals for further consideration. 28 U.S.C. § 1631; <u>In re: Sims</u>, 111 F.3d 45, 47 (6th Cir.1997).

It is so ORDERED.

_____
Todd Campbell
United States District Judge